

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| DEAN ALTON HOLCOMB, § | |
|    Petitioner, § | |
| § | |
| vs. § | Civil Action No. 1:21-00359-MGL |
| § | |
| TERRIE WALLACE, § | |
|    Respondent. § | |
| § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING GROUNDS TWO, THREE, AND FOUR OF PLANTIFF'S PETITION**

  Petitioner Dean Alton Holcomb (Holcomb), proceeding pro se, filed this amended habeas corpus petition pursuant to 28 U.S.C. § 2254 against Terrie Wallace (Wallace), the Warden of Kirkland Correctional Institution (Kirkland).  Kirkland is part of the South Carolina Department of Corrections.  The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Grounds Two, Three, and Four of Holcomb's petition be dismissed.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

  The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or

recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on March 5, 2021.  To date, Holcomb has failed to file any objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court Grounds Two, Three, and Four of Holcomb's petition are **DISMISSED**.

**IT IS SO ORDERED.**

Signed this 22nd day of July 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.